UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DERRICK CONWAY,

        Petitioner,

                                                                   CASE NO. 2:06-CV-13950
v.                                             HONORABLE GEORGE CARAM STEEH

BLAINE LAFLER,

        Respondent.
_____/

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS,
AND DENYING A CERTIFICATE OF APPEALABILITY AND LEAVE TO PROCEED
ON APPEAL IN FORMA PAUPERIS**

I.     Introduction

     This is a habeas case under 28 U.S.C. § 2254. Derrick Conway ("Petitioner"), a Michigan prisoner, challenges his conviction for assault with intent to commit criminal sexual conduct involving penetration, Mich. Comp. L. § 750.520g(1), which was imposed following a jury trial in the Saginaw County Circuit Court in 2001. He is serving a term of 46 months to 20 years imprisonment on that conviction.

     In his *pro se* petition for writ of habeas corpus, Petitioner raises claims concerning sentencing credit, ineffective assistance of counsel, and insufficient evidence. Respondent has filed an answer to the petition contending that it should be denied for lack of merit. For the reasons set forth, the Court denies the petition. The Court also denies a certificate of appealability and leave to proceed on appeal *in forma pauperis*.

II.   Facts and Procedural History

Petitioner's conviction arises from an assault upon his 9-year-old son at Petitioner's apartment in Saginaw, Michigan on February 23, 2001.  At trial, the prosecution presented four witnesses including the victim and his mother.  The victim testified that his mother drove him to visit Petitioner at his new apartment for a weekend in February, 2001.  He and Petitioner visited with some friends that Friday night.  Petitioner and his friends drank cans and bottles of beer.  After they had returned to Petitioner's apartment, Petitioner took off his clothes and told the boy to remove his pajamas.  Petitioner then licked him on his arm, chest, and penis.  When the boy laughed, Petitioner told him to stop "before he whoop me."  While laying on the bed, Petitioner demanded that his son get on top of him and told him to hurry or he would "get the belt."  The boy complied.  Petitioner then told him to do "what people do when they get married."  He replied, "What?  What?  What would I do in school?"  Petitioner then pushed him away, got dressed, and went into the bathroom.  The victim testified that he saw Petitioner masturbating in the bathroom.  Petitioner showed him pictures of people having sex and said, "That's what I meant."  He and Petitioner then sang rap songs in the bathroom until another tenant complained about the noise and they went to bed.  The victim returned to his mother's home on Sunday and eventually told her what had occurred at the apartment.  The victim's mother corroborated the boy's testimony, recounting what he told her following the incident.

Petitioner testified in his own defense at trial.  He denied committing the assault and denied touching his son inappropriately during their visit.

At the close of trial, the jury found Petitioner guilty of first-degree criminal sexual conduct and assault with intent to commit criminal sexual conduct involving penetration.  The

trial court subsequently sentenced him as a fourth habitual offender to concurrent terms of 20 to 40 years imprisonment and 9 to 20 years imprisonment on those convictions.

Following sentencing, Petitioner filed an appeal as of right with the Michigan Court of Appeals raising claims concerning the sufficiency of the evidence for both offenses and the scoring of the sentencing guidelines. The court reversed Petitioner's first-degree criminal sexual conduct conviction, affirmed his assault conviction, and remanded for re-sentencing. *People v. Conway*, No. 237763, 2003 WL 327711 (Mich. Ct. App. Feb. 11, 2003) (unpublished). The Michigan Supreme Court denied leave to appeal with three justices dissenting. *People v. Conway*, 469 Mich. 857, 666 N.W.2d 185 (2003).

On remand, the trial court re-sentenced Petitioner to 46 months to 20 years imprisonment on the assault conviction. Petitioner filed an appeal as of right with the Michigan Court of Appeals challenging the amended judgment of sentence and raising a sentencing credit claim. The court affirmed in part, but remanded the case for the ministerial task of retaining the correct judgment of sentence, deleting incorrect judgments from the record, preparing an updated pre-sentence report showing that the first-degree criminal sexual conduct conviction had been vacated, and for transmitting the information to the Michigan Department of Corrections. *People v. Conway*, No. 252852, 2005 WL 1812620 (Mich. Ct. App. Aug. 2, 2005). The Michigan Supreme Court denied leave to appeal with three justices dissenting. *People v. Conway*, 474 Mich. 1140, 716 N.W.2d 554 (2006).

Petitioner also filed a motion for relief from judgment with the trial court raising prosecutorial misconduct and insufficient evidence claims, which was denied on October 14, 2004. Petitioner did not appeal this denial, but instead filed an amended motion with the

Michigan Court of Appeals raising ineffective assistance of appellate counsel, prosecutorial misconduct, and insufficient evidence claims. The court dismissed the appeal for lack of jurisdiction. *People v. Conway*, No. 264257 (Mich. Ct. App. Aug. 24, 2005) (unpublished). The Michigan Supreme Court denied leave to appeal. *People v. Conway*, 474 Mich. 978, 707 N.W.2d 195 (2005).

In his federal petition for writ of habeas corpus, Petitioner raises the following claims:

I. The trial court committed legal error by failing to grant defendant's requested relief in his motion for correction of sentencing when it did not amend his sentence to reflect 26 months already served towards his latter, affirmed conviction of CSC-Count II, Assault with Intent.

II. The trial court's legal error of law results in, or will eventually result in prejudice to defendant, thus, triggering a United States Constitutional rights violation.

III. Defendant's appellate counsel was ineffective for failing to identify, raise and argue that the 26 months in question should have been credited toward defendant's latter confirmed conviction, CSC-Count II.

IV. There was insufficient evidence to convict the defendant of assault with intent to commit criminal sexual conduct involving penetration.

Respondent has filed an answer to the petition contending that it should be denied for lack of merit. Petitioner has filed a reply to that answer.

III. Analysis

A. Standard of Review

Federal law imposes the following standard of review for habeas cases:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

(1) resulted in a decision that was contrary to, or involved an

4

>       unreasonable application of, clearly established Federal law, as
>       determined by the Supreme Court of the United States; or
>
> (2)   resulted in a decision that was based on an unreasonable
>       determination of the facts in light of the evidence presented in the
>       State court proceedings.

28 U.S.C. § 2254(d). Additionally, this Court must presume the correctness of state court factual determinations. 28 U.S.C. § 2254(e)(1).

>    B.    Sentencing Credit Claims

In his first two claims, Petitioner asserts that he is entitled to habeas relief because he has not been given 26 months of sentencing credit toward his assault conviction sentence. A federal court may grant a writ of habeas corpus only if the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241(c)(3) and 2254(a). A state prisoner has no right under the Federal Constitution to earn or receive sentencing credits. *See Moore v. Hofbauer*, 144 F. Supp. 2d 877, 882 (E.D. Mich. 2001) (citing *Hansard v. Barrett*, 980 F.2d 1059, 1062 (6th Cir.1992)). A state court's alleged misinterpretation of state sentencing guidelines and crediting statutes is a matter of state concern only. *See Howard v. White*, 76 Fed. Appx. 52, 53, 2003 WL 22146139, *2 (6th Cir. 2003) (citing *Travis v. Lockhart*, 925 F.2d 1095, 1097 (8th Cir. 1991), and *Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1988)). It is well-settled that state law issues are not cognizable on federal habeas review. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Draughn v. Jabe*, 803 F. Supp. 70, 81 (E.D. Mich. 1992) (federal courts cannot review a state's alleged failure to adhere to its own sentencing procedure). Petitioner has thus failed to state a claim upon which relief may be granted as to his sentencing credit claims.

Moreover, the Michigan Court of Appeals denied Petitioner relief on this issue because it

found that Petitioner could not receive sentencing credit on his current sentence for time served because he was on parole for a prior offense when he committed the instant offense. The court determined that Petitioner's assault sentence would not begin to run until he completed his earlier sentence. *See Conway*, 2005 WL 1812620 at *2. This decision is neither contrary to Supreme Court precedent nor an unreasonable application thereof.

The Michigan Court of Appeals' decision is also consistent with state law. Under Michigan law, when a parolee is arrested for a new criminal offense, he is held on a parole detainer until he is convicted of that offense, and he is not entitled to credit for time served in jail on the sentence for the new offense. *See* Mich. Comp. L. § 791.238(2). A parolee who is convicted of a new criminal offense is entitled to credit for time served in jail as a parole detainee, but that credit may only be applied to the sentence for which the parole was granted. *See People v. Stewart*, 203 Mich. App. 432, 433, 513 N.W.2d 147 (1994). A parolee who is sentenced for a crime committed while on parole must serve the remainder of the term imposed for the previous offense before he serves the term imposed for the subsequent offense. *See* Mich. Comp. L. § 768.7a(2). When a consecutive sentence is imposed, the defendant is not entitled to receive credit for pre-sentence time served on that sentence. *See People v. Connor,* 209 Mich. App. 419, 431, 531 N.W.2d 734 (1995); *People v. Watts,* 186 Mich. App. 686, 687, 464 N.W.2d 715 (1991). The state courts' actions are in keeping with these provisions. A federal court will not review a state court decision on a matter of purely state law. *See Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Long v. Smith*, 663 F.2d 18, 22-23 (6th Cir. 1981). Petitioner has not shown that the state courts have erred or have otherwise infringed upon his federal constitutional rights. Habeas relief is not warranted on these claims.

C.  Ineffective Assistance of Counsel Claim

Petitioner relatedly asserts that defense counsel was ineffective for failing to object to the state court's failure to grant him 26 months of sentencing credit. In *Strickland v. Washington,* 466 U.S. 668, 687 (1984), the United States Supreme Court set forth a two-pronged test for determining whether a habeas petitioner has received the ineffective assistance of counsel. First, a petitioner must prove that counsel's performance was deficient. This requires a showing that counsel made errors so serious that he or she was not functioning as counsel as guaranteed by the Sixth Amendment. Second, the petitioner must establish that the deficient performance prejudiced the defense. Counsel's errors must have been so serious that they deprived the petitioner of a fair trial or appeal. *Id.*

With respect to the performance prong, a petitioner must identify acts that were "outside the wide range of professionally competent assistance" to prove deficient performance. *Id.* at 690. A habeas court's scrutiny of counsel's performance is highly deferential. *Id.* at 689. The court must recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *Id.* at 690.

To satisfy the prejudice prong of *Strickland*, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A reasonable probability is one that is sufficient to undermine confidence in the outcome. *Id.*

Applying the *Jackson* standard, the Michigan Court of Appeals denied relief on this claim based upon its determination that Petitioner had failed to establish a sentencing credit error such that any claim or objection by defense counsel as to such matters would have been

frivolous or meritless. *See Conway*, 2005 WL 1812620 at *2. This Court agrees. Because the sentencing credit issue lacks merit, Petitioner cannot establish that defense counsel erred. Defense counsel cannot be deemed deficient for failing to make a futile objection or motion. *See McQueen*, 99 F.3d at 1328. Petitioner has also not shown that he was prejudiced by counsel's conduct. Habeas relief is therefore not warranted on this claim.

      D.      <u>Insufficient Evidence Claim</u>

Lastly, Petitioner asserts that he is entitled to habeas relief because the prosecution presented insufficient evidence to support his assault with intent to commit criminal sexual conduct involving penetration conviction. In *Jackson v. Virginia*, 443 U.S. 307 (1979), the United States Supreme Court established that a federal court's review of a sufficiency of the evidence claim must focus on whether "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at 319; *see also Warren*, 161 F.3d at 360. The Court must view this standard through the framework of 28 U.S.C. § 2254(d). *See Martin v. Mitchell*, 280 F.3d 594, 617 (6th Cir. 2002). Further, the *Jackson* standard must be applied "with explicit reference to the substantive elements of the criminal offense as defined by state law." *Jackson*, 443 U.S. at 324 n. 16. "The mere existence of sufficient evidence to convict therefore defeats a petitioner's claim." *Matthews v. Abramajtys*, 319 F.3d 780, 788-89 (6th Cir. 2003) (citation omitted).

Under Michigan law, the elements of assault with intent to commit criminal sexual conduct involving penetration are: (1) an assault, (2) with the intent to commit criminal sexual penetration. *See People v. Nickens*, 470 Mich. 622, 627, 685 N.W.2d 657 (2004); Mich. Comp. L. § 750.520g(1). To establish the assault element, the prosecutor must prove that the defendant

8

either attempted to commit a battery or committed an unlawful act that placed the victim in reasonable apprehension of receiving an immediate battery. *See People v. Reeves*, 458 Mich. 236, 240, 580 N.W.2d 433 (1998); *see also People v. Johnson*, 407 Mich. 196, 210, 284 N.W.2d 718 (1979). "A battery is the intentional, non-consensual, and harmful or offensive touching of another person resulting from an act intended to cause the contact." *Espinoza v. Thomas*, 189 Mich. App. 110, 119, 472 N.W.2d 16 (1991).

Applying the standard set forth in *Jackson*, the Michigan Court of Appeals concluded that the prosecution presented sufficient evidence to support Petitioner's assault with intent to commit criminal sexual conduct involving penetration conviction. *See Conway*, 2003 WL 327711 at *2-3. Having reviewed the record, this Court agrees and concludes that the state court's decision is neither contrary to Supreme Court precedent nor an unreasonable application of the law or the facts. The verdict was supported by the victim's testimony detailing Petitioner's assaultive behavior, as well as the corroborating testimony from the victim's mother. The victim testified that Petitioner threatened him with a whooping and the belt if he did not remove his clothes and lay on top of him, that Petitioner licked him on his chest and penis, and that Petitioner told him to do what married people do. Given such evidence, a rational trier of fact could reasonably conclude that Petitioner committed an assault with intent to commit criminal sexual conduct involving penetration upon his son.

Petitioner's insufficient evidence claim challenges the credibility and weight to be accorded the evidence presented at trial. However, it is well-settled that "[a] federal habeas corpus court faced with a record of historical facts that supports conflicting inferences must presume – even if it does not affirmatively appear in the record – that the trier of fact resolved

9

any such conflicts in favor of the prosecution, and must defer to that resolution." *Walker v. Engle*, 703 F.2d 959, 969-70 (6th Cir. 1983). It is the job of the jury, not a federal habeas court, to resolve evidentiary conflicts. *See Jackson*, 443 U.S. at 326; *Martin*, 280 F.3d at 618. Given the evidence at trial, particularly the victim's testimony, this Court finds that the Michigan Court of Appeals' determination that a rational trier of fact could find the elements of assault with intent to commit criminal sexual conduct involving penetration beyond a reasonable doubt was reasonable. Habeas relief is not warranted on this claim.

IV. Conclusion

For the reasons stated, the Court concludes that Petitioner is not entitled to federal habeas relief on the claims contained in his petition. The petition for writ of habeas corpus shall therefore be denied.

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal district court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Id.* at

336-37.

Having considered the matter, the Court concludes that Petitioner has failed to make a substantial showing of the denial of a constitutional right as to his claims. A certificate of appealability is not warranted. The Court further concludes that Petitioner should not be granted leave to proceed on appeal *in forma pauperis* as any appeal would be frivolous. *See* Fed. R. App. P. 24(a). Accordingly;

**IT IS ORDERED** that the petition for writ of habeas corpus is **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that a certificate of appealability and leave to proceed on appeal *in forma pauperis* are **DENIED**.


Dated: July 8, 2008

S/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
July 8, 2008, by electronic and/or ordinary mail.

S/Marcia Beauchemin
Deputy Clerk

---